UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CARMEN DAVIDSON,**

       Plaintiff,            Case No.

**v.**

                                Hon.

**BEAUMONT HEALTH,**

       Defendants.

**GOLD STAR LAW, P.C.**
**Maia Johnson Braun (P40533)**
**David A. Hardesty (38609)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*mjohnson@goldstarlaw.com*
*dhardesty@goldstarlaw.com*

## COMPLAINT

Plaintiff, Carmen Davidson, through her attorneys, Gold Star Law, P.C., for her Complaint states:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Carmen Davidson ("Davidson") is an individual who resides in Bloomfield Hills, Oakland County, Michigan.

2. Defendant, Beaumont Health, ("Beaumont") is a domestic nonprofit corporation with its place of business in Oakland County, Michigan.

3. The wrongful conduct of Defendants alleged herein occurred in Oakland County.

4. This action arises under the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. 201, *et seq.*, and jurisdiction of this Court are invoked pursuant to 28 U.S.C. 1331.

5. Defendants reside within this judicial district and the claims asserted in the action arose within this district. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b).

**FACTUAL ALLEGATIONS**

6. Beaumont is a domestic nonprofit corporation with its registered office in Southfield, Michigan and a location in Madison Heights, Michigan.

7. Beaumont is in the business of providing health care and health services, including home care services.

8. Davidson worked as a Registered Nurse for Beaumont's Home Care Division from September, 2017 until her employment was terminated on or about March 20, 2018.

9. Defendants paid Plaintiff hourly at a rate of $37.12 an hour.

10. On average, Davidson worked 55-60 hours per week.

11. Davidson also worked every fourth weekend of the month on both Saturday and Sunday.

12. In addition to working during business hours, Plaintiff frequently had to perform clerical work at her home after office hours. On average, Plaintiff spent at least 19 hours per week performing such work; Defendants did not compensate Plaintiff for performing clerical work after business hours.

13. Defendants were, or should have been, aware that Plaintiff was working these uncompensated hours. Additionally, Plaintiff performed a significant amount of work within a computer system, monitored and maintained by the employer, which would indicate that she was performing tasks after business hours.

14. Defendants were required to compensate Davidson 1 ½ times her regular rate of pay for all hours worked in excess of 40 hours per week. Defendants did not compensate Plaintiff at 1 ½ times her regular rate of pay for hours worked in excess of 40 hours per week. Defendants did not compensate Plaintiff at all for hours worked in excess of 37-40 hours per week.

15. Plaintiff was not, at any time during her employment with Defendants, exempt from the overtime pay requirements of the FLSA.

16. All hours worked by Plaintiff, including overtime hours, were worked at the direction and with the sufferance of Defendants.

17. Defendants' failure to pay overtime is in violation of the FLSA was willful and with knowledge, or with reckless disregard, for the statutory requirements under the FLSA.

## CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

18. Plaintiff incorporates the allegations in the foregoing paragraphs as if fully stated herein.

19. Defendants are "employers" within the coverage of the FLSA.

20. Plaintiff is an "employee" within the coverage of the FLSA.

21. Defendants were required to compensate Plaintiff at 1 ½ times her regular rate of pay for hours worked in excess of 40 per week.

22. Defendants failed to compensate Plaintiff at 1 ½ times her regular rate of pay for hours worked in excess of 40 per week.

23. Defendants' violation of the FLSA was willful, with knowledge or reckless disregard for the statutory requirements under the FLSA.

24. Pursuant to the FLSA, Defendants are liable to Plaintiff for the difference between the amount paid and the amount that, but for the violation, would have been paid, plus an additional equal amount as liquidated damages, and reasonable attorney fees. 29 U.S.C. § 216(b).

25. Pursuant to the FLSA, based upon an average of 55 hours worked each week, plus the hours worked every fourth weekend, Defendants are liable to Davidson for at least $31,403.52 in unpaid overtime compensation.

26. Davidson is entitled to an additional equal amount, or at least $31,403.52 in liquidated damages.

27. Davidson is also entitled to her costs and attorney fees in having to pursue this action against Defendants.

**WHEREFORE**, Plaintiff, Carmen Davidson, requests that this Court award her at least $31,403.52 in actual unpaid overtime wages, an equal amount as liquidated damages, her reasonable costs and attorney fees, and such other relief as this Court deems appropriate.

Respectfully submitted,

**GOLD STAR LAW, P.C.**

*/s/ Maia Johnson Braun*
**Maia Johnson Braun (P40533)**
Attorney for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*mjohnson@goldstarlaw.com*

Dated: February 15, 2019