# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARMEN DAVIDSON,

       Plaintiff,

v.

BEAUMONT HEALTH,

       Defendant.

Case No. 19-cv-10471

Hon. Mark A. Goldsmith

_____/

Gold Star Law, P.C.
Maia Johnson Braun (P40533)
David A. Hardesty (P38609)
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
mjohnson@goldstarlaw.com
dhardesty@goldstarlaw.com

Kienbaum Hardy Viviano Pelton
  & Forrest, P.L.C.
Eric J. Pelton (P40635)
Ryan D. Bohannon (P73394)
Attorneys for Defendant
280 North Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009
(248) 645-0000
epelton@khvpf.com
rbohannon@khvpf.com

_____/

## SETTLEMENT AGREEMENT AND RELEASE

Plaintiff (as defined below) and Defendant (as defined below) STIPULATE and AGREE as follows:

1. **Definitions.** The following terms will have the following meanings:

"**Action**" means the above-captioned litigation.

"**Agreement**" means this "Settlement Agreement and Release."

"**Approval Order**" means the Court's order approving the settlement payment to Plaintiff and the release of all claims and dismissal of this lawsuit. The Parties will present the Court with the proposed Approval Order attached as Exhibit A.

"**Court**" means the United States District Court for the Eastern District of Michigan.

"**Defendant**" means Beaumont Health.

"**Defense Counsel**" means Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.

"**Dismissal Order**" means the Court's order dismissing this case, with prejudice, and without a further award of costs or fees. The Parties will present the Court with the proposed Dismissal Order attached as Exhibit B.

"**Parties**" refers jointly to Plaintiff and Defendant.

"**Plaintiff**" means Carmen Davidson.

"**Plaintiffs' Counsel**" means Gold Star Law, P.C.

1

"**Released Parties**" means Beaumont Health and any of its affiliated entities and persons, including its respective parents, owners, subsidiaries, successors, their respective trustees, officers, directors, affiliates, predecessors, agents, employees, administrators, assigns, representatives, attorneys, or other persons or entities acting on its or their behalf.

"**Settlement**" means the terms and conditions described in this Agreement.

2. **Condition Precedent.** This Settlement is conditioned on the Court's entry of the Approval Order.

3. **No Admissions.** Nothing in this Agreement constitutes an admission, finding, or suggestion of liability by Defendant or any Released Party.

4. **Release.** Upon entry of the Approval Order, Plaintiff (on behalf of herself and her heirs, spouses, executors, assigns, and representatives) releases and forever discharges the Released Parties from all legal or equitable claims, actions, causes of action, suits, debts, and demands whatsoever in law or in equity, concerning claims against the Released Parties for unpaid wages, including claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, up to and including the date of the Approval Order. Plaintiff further agrees that for separate consideration being paid above and beyond the consideration supporting the release of her unpaid wage claims, she releases and forever discharges the Released Parties from any and all other claims whatsoever in law or in equity,

including claims under federal, state, or local statute, regulation, rule, or common law theory, up to and including the date of the Approval Order.

5. **Payment to Plaintiff.** No later than 14 calendar days after the Court's entry of the Approval Order, Defendant will deliver to Plaintiffs' Counsel two checks as follows: (a) a check for $6,162.85, payable to Plaintiff, from which it will deduct all applicable taxes and withholdings ordinarily borne by employees pursuant to its ordinary payroll practices and for which it will issue to Plaintiff an IRS W-2 Form; and (b) a check for $4,662.84, payable to Plaintiff, for which it will issue to Plaintiff an IRS 1099 Form.

6. **Payment to Plaintiff's Counsel.** No later than 14 calendar days after the Court's entry of the Approval Order and upon receipt of a W-9 from Plaintiff's Counsel, Defendant will deliver to Plaintiff's Counsel a check in the gross amount of $6,174.31 made payable to Plaintiff's Counsel, for Plaintiff's total and final payment of attorney's fees and costs, for which Defendant will issue to Plaintiff and Plaintiff's Counsel an IRS 1099 Form.

7. **Entire Agreement.** This Agreement embodies the entire agreement between the Parties and controls over any prior communications. In entering into the Settlement, no Party has relied on any representations not explicitly contained in this Agreement.

8. **Dismissal.** After the payments described in Paragraphs 5 and 6 of this Agreement have cleared, Plaintiff's Counsel will promptly notify Defendant's Counsel, and Defendant's Counsel may submit the Dismissal Order to the Court.

9. **No Rehire.** Plaintiff agrees that she has no right to employment in any capacity with Defendant or its affiliated entities, except for Alternative Healthcare Solutions. Defendant and its affiliated entities, except for Alternative Healthcare Solutions, will have the absolute right to refuse to employ Plaintiff without recourse, and Plaintiff acknowledges that this provision will provide a legitimate, non-discriminatory, and non-retaliatory reason for Defendant and its affiliated entities to deny her employment. In the event Plaintiff should become employed with Defendant or any of its affiliated entities (except Alternative Healthcare Solutions), this no rehire provision will provide Defendant or its affiliated entities the right to terminate Plaintiff's employment and shall serve as a legitimate, non-discriminatory and non-retaliatory reason for the termination of employment for any such entity.

10. **Successors.** The Settlement and this Agreement will inure to the benefit of and be binding upon the Parties' heirs and successors.

11. **Duty to Defend.** The Parties agree to use their best efforts to achieve Court approval of the Settlement and to ensure that the terms of this Agreement are enforced.

**12. Warranty of Authority.** Each signatory to this Agreement warrants and represents that he/she is competent and authorized to enter into this Agreement on behalf of the Party that he/she purports to represent.

**13. Applicable Law.** This Agreement is governed and construed pursuant to Michigan law.

**14. Written Modifications.** This Agreement may not be modified except by a written agreement signed by all Parties.

**15. Execution.** This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

_____    9/25/19
Carmen Davidson                    Date

_____    9/25/19
Plaintiff's Counsel                Date

_____    10/2/2019
Beaumont Health                    Date

_____    9/25/2019
Defendant's Counsel                Date

340675

5

# TAB A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARMEN DAVIDSON,

    Plaintiff,

v.

BEAUMONT HEALTH,

    Defendant.

Case No. 19-cv-10471

Hon. Mark A. Goldsmith

_____/

| | |
|---|---|
| Gold Star Law, P.C.<br>Maia Johnson Braun (P40533)<br>David A. Hardesty (P38609)<br>Attorneys for Plaintiff<br>2701 Troy Center Dr., Ste. 400<br>Troy, Michigan 48084<br>(248) 275-5200<br>mjohnson@goldstarlaw.com<br>dhardesty@goldstarlaw.com | Kienbaum Hardy Viviano Pelton<br>  & Forrest, P.L.C.<br>Eric J. Pelton (P40635)<br>Ryan D. Bohannon (P73394)<br>Attorneys for Defendant<br>280 North Old Woodward Avenue<br>Suite 400<br>Birmingham, Michigan 48009<br>(248) 645-0000<br>epelton@khvpf.com<br>rbohannon@khvpf.com |

_____/

**[PROPOSED] ORDER GRANTING JOINT
MOTION FOR APPROVAL OF THE FLSA SETTLEMENT**

The parties have filed a Joint Motion for Approval of the Settlement ("Approval Motion"). *See* ECF No. ___. For good cause shown, the Motion is **GRANTED** as follows:

The Court **APPROVES** the total payment by Defendant of $17,000 to Plaintiff and Plaintiff's Counsel, broken down as follows: (a) $4,662.85 in alleged unpaid overtime; (b) $4,662.84 in alleged liquidated damages; (c) $1,500.00 in additional consideration for a full release of all claims; and (d) $6,174.31 for Plaintiff's actual attorney's fees and costs. "The FLSA requires this Court to 'scrutinize the proposed settlement [of the FLSA claim] for fairness, and determine whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Farkas v. Boschert*, No. 17-cv-12536, 2018 U.S. Dist. LEXIS 105263, *4-5, 2018 WL 3100905 (E.D. Mich. June 25, 2018) (quoting *Williams v. K&K Assisted Living LLC*, No. 15-cv-11565, 2016 U.S. Dist. LEXIS 9310, *3, 2016 WL 319596 (E.D. Mich. Jan. 27, 2016)). Here, after careful consideration of the Approval Motion and based upon all prior proceedings, the Court finds that each of the following factors favor approval: "'(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement.'" *Williams*, 2016 U.S. Dist.

1

LEXIS 9310, at *3 (quoting *Snook v. Valley OB-Gyn Clinic, PC*, No. 14-cv-12302, 2015 U.S. Dist. LEXIS 2989, *2, 2015 WL 144400 (E.D. Mich. Jan. 12, 2015)).

**IT IS SO ORDERED.**

Dated: _____, 2019.

_____
MARK A. GOLDSMITH
UNITED STATES DISTRICT JUDGE

2

# TAB B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARMEN DAVIDSON,

    Plaintiff,

v.

BEAUMONT HEALTH,

    Defendant.

Case No. 19-cv-10471

Hon. Mark A. Goldsmith

_____/

| | |
|---|---|
| Gold Star Law, P.C.<br>Maia Johnson Braun (P40533)<br>David A. Hardesty (P38609)<br>Attorneys for Plaintiff<br>2701 Troy Center Dr., Ste. 400<br>Troy, Michigan 48084<br>(248) 275-5200<br>mjohnson@goldstarlaw.com<br>dhardesty@goldstarlaw.com | Kienbaum Hardy Viviano Pelton<br>  & Forrest, P.L.C.<br>Eric J. Pelton (P40635)<br>Ryan D. Bohannon (P73394)<br>Attorneys for Defendant<br>280 North Old Woodward Avenue<br>Suite 400<br>Birmingham, Michigan 48009<br>(248) 645-0000<br>epelton@khvpf.com<br>rbohannon@khvpf.com |

_____/

**STIPULATED ORDER OF DISMISSAL WITH PREJUDICE**

This matter having come before the Court upon stipulation of counsel for the parties; the Court having approved the parties' settlement; and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED that this lawsuit is dismissed, with prejudice, in its entirety without a further award of costs or fees and in accordance with the parties Settlement Agreement and Release.

This Court retains jurisdiction to enforce the terms of the Settlement Agreement and Release.

**IT IS SO ORDERED.**

Dated: _____, 2019.

                                              MARK A. GOLDSMITH
                                              UNITED STATES DISTRICT JUDGE

So stipulated:

| Gold Star Law, P.C. | Kienbaum Hardy Viviano Pelton & Forrest, P.L.C. |
|---|---|
| By: */s/Maia Johnson Braun (w/consent)*<br>Maia Johnson Braun (P40533)<br>David A. Hardesty (P38609)<br>Attorneys for Plaintiff<br>2701 Troy Center Dr., Ste. 400<br>Troy, Michigan 48084<br>(248) 275-5200<br>mjohnson@goldstarlaw.com<br>dhardesty@goldstarlaw.com | By: */s/Ryan D. Bohannon*<br>Eric J. Pelton (P40635)<br>Ryan D. Bohannon (P73394)<br>Attorneys for Defendant<br>280 North Old Woodward Avenue<br>Suite 400<br>Birmingham, Michigan 48009<br>(248) 645-0000<br>epelton@khvpf.com<br>rbohannon@khvpf.com |

Dated: _____, 2019